UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
MICHAEL REUBEN,                                                          x
                    Plaintiff,                                           x
                                                                     x
    -against-                                                           x
                                                                     x    **COMPLAINT**
THE CITY OF NEW YORK, a municipal entity;                                x
MICHAEL BLOOMBERG, Mayor of the City of New                              x
York; RAYMOND KELLY, New York City Police                                x    **JURY TRIAL**
Commissioner; NYPD P.O JAMES CONNOLLY,                                   x    **DEMANDED**
Shield No. 21572, JOHN DOES 1-10, New York City                          x
Police Officers, RICHARD ROES 1-10, New York City                        x
Police Supervisors and Commanders,                                       x
                    Defendants.                                          x
------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff, MICHAEL REUBEN, seeks relief for defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, during the Republican National Convention in New York City in 2004 ("the RNC").

2.    Defendants, THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG, Mayor of the City of New York; RAYMOND KELLY, New York City Police Commissioner; NYPD P.O. CONNOLLY, Shield No. 21572; JOHN DOES 1-10, New York City Police Officers; and RICHARD ROES 1-10, New York City Police Supervisors and Commanders, acting individually and in their official capacities, jointly and severally, implemented, enforced,

1

encouraged, sanctioned and/or ratified policies, practices and/or customs to punish those engaging in, and those merely observing, peaceful protest during the RNC.

3. Pursuant to defendants' policies, practices, and/or customs, plaintiff, MICHAEL REUBEN, was falsely arrested; deprived of liberty without due process of law; detained in inhumane conditions and for an excessive length of time; and maliciously prosecuted, *inter alia.*

4. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys fees and costs, and such other and further relief as the Court deems proper.

## **JURISDICTION**

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## **VENUE**

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

**JURY DEMAND**

9. Plaintiff demands a trial by jury in this action on each and every one of his claims.

**PARTIES**

10. Plaintiff, MICHAEL REUBEN, is a resident of New York.

11. Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12. Defendant MICHAEL BLOOMBERG is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the New York City Police Department ("NYPD") and is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued in both his individual and official capacities.

13. Defendant RAYMOND KELLY is and was at all times relevant herein, the Police Commissioner for the City of New York, and he is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and /or customs complained of herein. He is sued individually and in his official capacity.

14. NYPD P.O. JAMES CONNOLLY, Shield No. 21572, is, or was at all times relevant to this complaint, a police officer employed by the NYPD. He is sued individually and in his official capacity.

14. Defendants JOHN DOES 1-10 are, or were at all times relevant to this complaint, police officers employed by the NYPD. They are sued individually and in their official capacity. JOHN DOES 1-10 include individuals, known to defendant City of New York and the New York City Police Department, who assisted defendant CONNOLLY and/or conspired with him and/or acted in concert with him to violate plaintiff's rights as described herein.

15. Defendants RICHARD ROES 1-10 are, or were at all times relevant to this complaint, commanders and/or supervisors employed by the NYPD. They are sued individually and in their official capacity. RICHARD ROES 1-10 include individuals, known to defendant City of New York and the New York City Police Department, who ordered the arrest of plaintiff and who created, implemented, promulgated and/or enforced the policies, practices and /or customs complained of herein.

16. Defendants BLOOMBERG, KELLY, CONNOLLY, JOHN DOES 1-10, and RICHARD ROES 1-10 (collectively, "the individual defendants") are, or at all times relevant to the complaint were, employees, agents, servants, and/or officers of the City of New York and/or the NYPD.

17. At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his duties and functions as an agent, employee, servant, and/or officer of the City and/or the NYPD in engaging in the conduct described herein.

18. At all times relevant herein, the individual defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents, servants, and/or employees of the City and/or the NYPD, and incidental to the lawful pursuit of their

duties as officers, agents, servants, and/or employees of the City and/or the NYPD.

19. At all times relevant herein, the individual defendants violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of which a reasonable police officer and/or public official under his respective circumstances would have known.

## FACTS APPLICABLE TO ALL CLAIMS

20. At or around 9:00 p.m. on August 31, 2004, plaintiff, MICHAEL REUBEN, was lawfully present in the vicinity of 34th Street and 6th Avenue in Manhattan.

21. MICHAEL REUBEN was engaging in lawful, peaceable protest against the Republican National Convention and the policies of the president and his administration.

22. At or about the aforesaid time and place, members of the NYPD began arresting people present in that vicinity without probable cause.

23. At no time did REUBEN violate any law, regulation, or ordinance, or any order of a police officer.

24. Notwithstanding the absence of probable cause or reasonable suspicion to believe plaintiff had committed any crime or offense, REUBEN was arrested and placed in handcuffs by defendant CONNOLLY.

25. Several other individual defendants JOHN DOES and RICHARD ROES did assist CONNOLLY and/or did act in concert with him to perform the foregoing wrongful conduct, or did fail to intervene to stop the foregoing violations of plaintiff's constitutional rights.

26. The wrongful arrest of plaintiff and others at his location was ordered by one or more of the defendant RICHARD ROES.

27. Plaintiff was transported to Pier 57, where he was held in filthy and inhumane conditions for many hours.

28. Plaintiff was eventually transported to 100 Centre Street, where he was detained until his arraignment, which occurred on September 2, 2004, at approximately 6 or 7 p.m.

29. Overall, plaintiff was held in custody for approximately 46 hours.

30. At his arraignment, plaintiff was arraigned and charged with two counts of disorderly conduct and one count of parading without a permit.

31. Plaintiff pleaded not guilty to all of the charges, which were false and falsely sworn to by defendant JAMES CONNOLLY, and were initiated and continued maliciously and without probable cause, in order to cover up the wrongful conduct of defendants.

32. All of the charges were eventually dismissed on speedy trial grounds. On information and belief, the District Attorney intentionally permitted the dismissal of the case on these grounds because of the baselessness of the charges.

33. The individual defendants' acts and omissions described above were intentional, wanton, willful and malicious, and were performed with deliberate indifference and/or in reckless disregard of REUBEN's constitutional rights, entitling plaintiff to punitive damages.

34. Each of the actions complained of herein was part of and pursuant to a policy, custom, and/or practice of the City and/or the NYPD of stifling protest during the RNC by engaging in mass arrests of demonstrators, those perceived to be demonstrators, and those merely in the vicinity of demonstrators, without individualized suspicion or probable cause.

35. Each of the actions complained of herein was part of and pursuant to a policy, custom,

and/or practice of the City and/or the NYPD of stifling protest during the RNC by failing to properly screen, train, supervise, discipline and/or monitor police officers with respect to the rights of demonstrators, those perceived to be demonstrators, and those in the vicinity of demonstrators.

36. The filthy, unhealthy and dangerous conditions at Pier 57, and the excessive length of time plaintiff was held in custody, *inter alia*, were part of and pursuant to a policy, custom, and/or practice of the NYPD and/or the City of stifling protest during the RNC by subjecting to abuse demonstrators, those perceived to be demonstrators, and those in the vicinity of demonstrators, and/or by encouraging, ratifying, sanctioning, and/or acting with deliberate indifference toward threats to the health, safety, and rights of such individuals.

37. Said policies, customs, and/or practices were created, designed, implemented, enforced, and/or ratified on behalf of the CITY OF NEW YORK and the NYPD by defendants KELLY and BLOOMBERG.

38. As a direct and proximate result of the foregoing actions, including defendants' wrongful policies, practices, customs and/or usages complained of herein, REUBEN has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty, and loss of income and other expenses.

## FEDERAL CLAIMS

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 38 as if fully set forth herein.

40. The acts and conduct described above did violate REUBEN'S rights

   (a) not to be deprived of liberty without due process of law;

(b) to be free from unreasonable search and seizure;

(c) not to be subjected to excessive or unreasonable use of force;

(d) to be free from false arrest, imprisonment, and unjustified detention;

(e) not to be detained in cruel and inhumane conditions;

(f) not to be detained for an excessive period of time;

(g) to be free from malicious prosecution;

(h) to engage in speech, peacable assembly, and association;

(i) to be free from conspiracy to violate his federally protected rights.

all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

41. Defendant CITY OF NEW YORK is liable for the foregoing violations inasmuch as they occurred pursuant to the municipal policies, practices, and/or customs described above, in particular at paragraphs 34-37.

42. As a result of the acts and conduct of the defendants complained of herein, plaintiff REUBEN has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

## STATE CLAIMS

43. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

43. The acts and conduct of the defendants constitute assault and battery, false arrest and imprisonment, malicious prosecution, abuse of process, negligence and gross negligence, negligence in training, hiring, and supervision, and conspiracy, under the laws of the State of New York. These

acts and conduct also violated REUBEN's rights under Article I, §§ 6, 8 and 12 of the Constitution of the State of New York.

44. Defendant CITY OF NEW YORK is liable for the actions of the individual defendants under the doctrine of respondeat superior.

45. As a result of the acts and conduct of the defendants complained of herein, REUBEN has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

46. Plaintiff served a notice of claim upon defendant CITY OF NEW YORK within 90 days of the incident and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although more than 30 days have elapsed since service of the notice and since plaintiff's 50-h hearing, this defendant has neglected to adjust or pay such claim.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

(a) a declaration that defendants violated the federal rights of plaintiff;

(b) compensatory damages for physical, emotional, and economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c) punitive damages against the individual defendants to the extent allowable by law;

(d) attorneys fees;

(e) the costs and disbursements of this action; and

  (f)  such other and further relief as appears just and proper.


Dated:  New York, New York
     November 28, 2005

                 _____/s/_____
                 JONATHAN C. MOORE (JM 6902)
                 DAVID MILTON (DM 1853)
                 MOORE & GOODMAN, LLP
                 99 Park Avenue, Suite 1600
                 New York, New York 10016
                 (212) 353-9587

                 *Attorneys for the Plaintiff*