UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MICHAEL REUBEN,

                                                                                                                 **ANSWER**

                                                          Plaintiff,

            -against-                                           05 CV 9987 (KMK)(JCF)

THE CITY OF NEW YORK, a municipal entity;
MICHAEL BLOOMBERG; Mayor of the City of New
York, RAYMOND KELLY, New York City Police
Commissioner; NYPD P.O. JAMES CONNOLLY, Shield
No. 21572; JOHN DOES 1 – 10, New York City Police
Officers, RICHARD ROES 1 – 10, New York City Police
Supervisors and Commanders,

                                                          Defendants.

------------------------------------------------------------------------ x

Defendants City of New York, Michael Bloomberg, and Raymond Kelly,[1] by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to plaintiff's Complaint, respectfully allege as follows:

<u>AS TO THE "PRELIMINARY STATEMENT"</u>

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint.

---

[1] Upon information and belief, James Connolly has not been served with process in this case.

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to seek the relief as stated therein.

## AS TO "JURISDICTION"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

## AS TO "VENUE"

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "JURY TRIAL DEMANDED"

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff demands a jury trial.

## AS TO "PARTIES"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating

under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except admit that Michael Bloomberg is the Mayor of the City of New York.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except admit that Raymond Kelly is the Commissioner of Police for the City of New York.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14(a)" of the Complaint.[2]

14(b) Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14(b)" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendants state that the allegations contained in paragraph "16" constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

17. Defendants state that the allegations contained in paragraph "17" constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

18. Defendants state that the allegations contained in paragraph "18" constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

## AS TO THE "FACTS APPLICABLE TO ALL CLAIMS"

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint, except admit that on August 31, 2004, plaintiff was arrested, and plaintiff's arresting officer was James Connolly.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was transported to Pier 57.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff was transported to 100 Centre Street.

---

[2] Plaintiff's complaint contains two paragraphs "14".

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was charged with two counts of Disorderly Conduct and on count of Parading Without a Permit.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint, except admit that the charges against plaintiff were dismissed.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

## AS TO THE "FEDERAL CLAIMS"

39. In response to the allegations set forth in paragraph "39" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint, and all of its subparts.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

## AS TO THE "STATE CLAIMS"

43. In response to the allegations set forth in paragraph "43(a)" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.[3]

43. Defendants deny the allegations set forth in paragraph "43(b)" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

47. The Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

**48.** Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York

---

[3] Plaintiff complaint contains two paragraphs "43".

or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

49. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

50. The actions of any police officers involved were justified by probable cause.

### FIFTH AFFIRMATIVE DEFENSE

51. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE

52. Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## NINTH AFFIRMATIVE DEFENSE

55. Plaintiff provoked the incidents of which he complains.

## TENTH AFFIRMATIVE DEFENSE

56. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

## TWELTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the doctrines of absolute immunity, waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff consented to the acts about which he complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff failed to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

61. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**WHEREFORE,** Defendants City of New York, Michael Bloomberg, and Raymond Kelly request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 4, 2006

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants City of New York,
                        Michael Bloomberg, and Raymond Kelly
                        100 Church Street, Room 3-190
                        New York, New York 10007
                        (212) 788-0786

                    By:   /s/
                           Jed M. Weiss (JW 5293)
                           Assistant Corporation Counsel
                           Special Federal Litigation Division

Index Number 05 CV 9987 (KMK)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MICHAEL REUBEN,<br><br>                                                           Plaintiff,<br><br>-against-<br><br><br>THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG; Mayor of the City of New York, RAYMOND KELLY, New York City Police Commissioner; NYPD P.O. JAMES CONNOLLY, Shield No. 21572; JOHN DOES 1 – 10, New York City Police Officers, RICHARD ROES 1 – 10, New York City Police Supervisors and Commanders,<br><br>                                                           Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Michael Bloomberg, and Raymond Kelly*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br>*Of Counsel: Jed M. Weiss*<br><br>*Tel:  (212) 788-8683*<br>*NYCLIS No. 06 sf 002223* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................................... ,2006*<br><br>*................................................................... Esq.*<br><br>*Attorney for City of New York* |