UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MICHAEL REUBEN,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG; Mayor of the City of New York, RAYMOND KELLY, New York City Police Commissioner; NYPD P.O. JAMES CONNOLLY, Shield No. 21572; JOHN DOES 1 – 10, New York City Police Officers, RICHARD ROES 1 – 10, New York City Police Supervisors and Commanders,

                      Defendants.

------------------------------------------------------------------------ x

**JAMES CONNOLLY'S ANSWER TO THE COMPLAINT**

05 CV 9987 (KMK)(JCF)

      Defendant JAMES CONNOLLY, by his attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for his answer to plaintiff's Complaint (the "Complaint"), respectfully alleges as follows:

AS TO THE "PRELIMINARY STATEMENT"

      1.    Defendant denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to bring this action as stated therein.

      2.    Defendant denies the allegations set forth in paragraph "2" of the Complaint.

      3.    Defendant denies the allegations set forth in paragraph "3" of the Complaint.

      4.    Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiff purports to seek the relief as stated therein.

## AS TO "JURISDICTION"

5. Defendant denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

6. Defendant denies the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

## AS TO "VENUE"

8. Defendant denies the allegations set forth in paragraph "8" of the Complaint, excepts admit that Plaintiff purports that venue is proper.

## AS TO "JURY TRIAL DEMANDED"

9. Defendant denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff demands a jury trial.

## AS TO "PARTIES"

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except admits that Michael Bloomberg is the Mayor of the City of New York.

- 3 -

13.    Defendant denies the allegations set forth in Paragraph "13" of the Complaint, except admits that Raymond Kelly is the Police Commissioner for the City of New York.

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "First Paragraph 14" of the Complaint, [1] except admits that, on or about August 31, 2004, James Connolly was employed by the City of New York as a police officer.

14.[2]    Defendant denies the allegations set forth in the "Second Paragraph 14" of the Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.    Defendant neither admits nor denies the allegations contained in paragraph "16" of the Complaint, as such allegations constitute conclusions of law rather than averments of fact and, as such, no response is required.

17.    Defendant neither admits nor denies the allegations contained in paragraph "17" of the Complaint, as such allegations constitute conclusions of law rather than averments of fact and, as such, no response is required

---

[1] Plaintiff's complaint contains two paragraphs "14". Accordingly, the first paragraph "14" of the Complaint will be referred to herein as the "First Paragraph 14", and the second paragraph 14 as the "Second Paragraph 14."

[2] See Footnote 1, herein.

18. Defendant neither admits nor denies the allegations contained in paragraph "18" of the Complaint, as such allegations constitute conclusions of law rather than averments of fact and, as such, no response is required.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint.

## AS TO THE "FACTS APPLICABLE TO ALL CLAIMS"

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in paragraph "24" of the Complaint, except admit that on August 31, 2004, plaintiff was arrested, and plaintiff's arresting officer was James Connolly.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was transported to Pier 57.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit plaintiff was transported to 100 Centre Street.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in paragraph "38" of the Complaint.

### AS TO THE "FEDERAL CLAIMS"

39. In response to the allegations set forth in paragraph "39" of the Complaint, Defendant repeats and re-alleges all the preceding paragraphs of his answer, as if set forth fully herein.

40. Defendant denies the allegations set forth in paragraph "40" of the Complaint, and all of its subparts.

41. Defendant denies the allegations set forth in paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in paragraph "42" of the Complaint.

## AS TO THE "STATE CLAIMS"

43. In response to the allegations set forth in the paragraph "43" of the Complaint, Defendant repeats and re-alleges all the preceding paragraphs of his answer, as if set forth fully herein.[3]

43.[4]   Defendant denies the allegations set forth in the "Second Paragraph 43" of the Complaint.

44. Defendant denies the allegations set forth in paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in paragraph "46" of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

47. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

48. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

---

[3] Plaintiff's complaint contains two paragraphs "43". Accordingly, the first paragraph "43" will be referred to herein as the "First Paragraph 43" and the second paragraph 43 as the "Second Paragraph 43."

[4] See Footnote 3, herein.

## THIRD AFFIRMATIVE DEFENSE

49. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

50. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, is entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

51. Punitive damages cannot be recovered as against the defendant; and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SIXTH AFFIRMATIVE DEFENSE

52. Defendant has not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## SEVENTH AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred, in part, by his failure to comply with the conditions precedent to suit including, but not limited to, N.Y. General Municipal Law §50-e and §50-i.

### NINTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

56. There is no personal jurisdiction over the defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

57. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff consented to the acts about which he complains

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

**FIFTEENTH AFFIRMATIVE DEFENSE**

61. Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** defendant James Connolly requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 11, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-197
        New York, New York 10007
        (212) 788-1570

By:  /s/
      Cheryl L. Shammas (CS 4108)
      Special Assistant Corporation Counsel
      Special Federal Litigation Division

Index Number 05 CV 9987 (KMK)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MICHAEL REUBEN,<br><br>                                        Plaintiff,<br><br>             -against-<br><br><br>THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG; Mayor of the City of New York, RAYMOND KELLY, New York City Police Commissioner; NYPD P.O. JAMES CONNOLLY, Shield No. 21572; JOHN DOES 1 – 10, New York City Police Officers, RICHARD ROES 1 – 10, New York City Police Supervisors and Commanders,<br><br>                                        Defendants. |
| **JAMES CONNOLLY'S ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>100 Church Street<br>New York, N.Y.  10007<br>*Of Counsel: Cheryl L. Shammas*<br> Tel:  (212) 788-1570<br>Fax:  (212) 788-9776<br>NYCLIS No. 06 SF 002223 |
| *Due and timely service is hereby admitted.*<br>*New York, N.Y.  .......................................... ,2006*<br>*.................................................................. Esq.*<br>*Attorney for City of New York* |

- 10 -